IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNIVERSITY OF MARYLAND EASTERN　　）
SHORE NATIONAL ALUMNI ASSN., INC.,　）
　　　　　　　　　　　　　　　　　　）
　　　Plaintiff,　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　v.　　　　　　　　　　　　　　）　　Case No. RDB-23-02141
　　　　　　　　　　　　　　　　　　）
SCHULTE HOSPITALITY GROUP, INC.,　　）
　　　　　　　　　　　　　　　　　　）
　　　Defendant.　　　　　　　　　　）

_____

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OMNIBUS
MOTIONS TO COMPEL AND AMEND SCHEDULING ORDER**

Defendant Schulte Hospitality Group, Inc. ("Schulte"), by undersigned counsel and

Pursuant to Federal and Local Rules of Civil Procedure, submits the following Response

in opposition to the three motions submitted by Plaintiff University of Maryland Eastern

Shore National Alumni Association, Inc. ("Plaintiff") [ECF 33], stating as follows.

**I.　MOTION TO COMPEL WRITTEN DISCOVERY.**

**A.　Procedural Grounds for Denial – Applicable Law.**

On October 31, 2024, the Court issued an Order instructing the parties to present

any discovery disputes to it through informal means before filing formal motions [ECF 26].

Plaintiff did not contact or seek leave of Court before filing this Motion.  Failure to follow

case-specific orders is grounds to deny the Motion, finding it non-compliant and

untimely. *See Hall v. Balt. Police Dep't*, No. 1:24-cv-1137, 2024 WL 4278132, at *3 (D.

Md. Aug. 24, 2024).

Even had Plaintiff first presented this alleged dispute to the Court, it also did not

comply with the conditions precedent to bringing this Motion.  Local Rules require parties

to first "confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them." Loc. R. 104.7 (D. Md. 2023). "The Court will not consider any discovery motion unless the moving party has filed a certificate reciting" specific information about the required attorney conference, including when it occurred, who attended, and what issues remain unresolved. *Id.* The Court's meet-and-confer requirement demands a substantive conference by video or telephone, not merely an e-mail or letter about the differing views. *Id.*; *see also Madison v. Harford Cnty., Md.*, 268 F.R.D. 563, 564 (D. Md. 2010) (noting that an "attempt to contact [] counsel" or a single e-mail "is a far cry from conferring in good faith" as required by the Local Rules).

Plaintiff's Motion "certifies" a written letter dated July 17 and a meeting to resolve its disputes on July 24, 2025.  That letter/meeting address only Schulte's responsive written discovery served on June 28 and July 14, 2025.  Any dispute over that initial responsive written discovery was required to be brought to the Court within 30 days of service.  Local Rule 104.8(a).

Plaintiff's allegation that "many of the issues remain unresolved" is false.  In response to the July 24, 2025 meeting, Schulte served 49-pages of supplemental responsive written discovery on August 11 and 12, 2025.  Plaintiff voiced no objection and made no attempt whatsoever to resolve any perceived dispute over the sufficiency of Schulte's supplemental responsive written discovery before filing this Motion three days later.  Local Rule 104.7.

**B. Substantive Grounds for Denial – Schulte's responsive discovery is comprehensive and complete.**

Plaintiff objects specifically to the sufficiency of Schulte's Answers/Supplemental Answers to Interrogatories Nos. 2, 3, and 10, and its Responses/Supplemental

Responses to Requests for Production Nos. 11, 12, 13, 15, and 17. Plaintiff asserts generally that Schulte has impermissibly: (1) made Responses "subject to" objections without also "explaining to what extent it is refusing to comply with the Request"; (2) made Answers without the requisite specificity required by Rule 33; and (3) generally made "boilerplate" objections" without explanation.

Schulte maintains that the Supplemental Answers/Responses served on August 11, and 12, 2025, respectively, conform to Federal Rules 33 and 34 and Local Rule 104.6 governing them. The Federal Rules require only that objection to *answers to interrogatories* be stated with specificity (Rule 33), and that objections to *requests for production* state in addition to "notwithstanding the objections" whether any responsive material is being withheld on the basis of that objection (Rule 34). Local Rule 104.6 requires that objections to Answers/Responses provide a "brief statement of the grounds for objection". Answers 2, 3, and 10 and Responses Nos. 11, 12, 13, 15, and 17, as supplemented, are consistent with these requirements and complete.

For all of these reasons, Plaintiff's Motion to Compel should be denied.

## II.   MOTION TO AMEND SCHEDULING ORDER – EXPERT DISCLOSURES.

Plaintiff is a corporation. This Motion asks the Court to modify the case Scheduling Order to revive and identify a new deadline for it to deliberate about whether it will identify experts in this case and, if so, obtain Board approval to identify/hire them. Plaintiff was originally provided until December 30, 2024 to disclose its experts. ECF 25. The Court warned in that Order that amendment of scheduling deadlines would require a showing of good cause. In May 2025, Plaintiff agreed to an amended deadline to disclose its

3

experts of August 15, 2025.  ECF 31.  Plaintiff was also required to identify experts in response to written discovery propounded in November 2024 and has identified none.

This case involves a dispute over whether hotel room group booking offers[1] deemed unsatisfactory by Plaintiff [made on February 26, 2022 (for November 2022) and December 8, 2022 (for November 2023)] were motivated by *animus* toward its imputed race and violated 42 U.S.C. §1981 and/or 42 U.S.C. §2000a (Title II).  Therefore, Plaintiff has already had more than *two years* since the alleged wrongdoing and the filing of its complaint to determine if it needs an expert and to obtain Board approval to identify/hire one.

**A.  Procedural Grounds for Denial -- Applicable Law.**

Plaintiff's Motion was filed at 4:27 p.m., on the afternoon its amended deadline expired.  In addition to the good cause always required by the Court, motions to extend time filed after court deadlines have run are governed by Federal Rule of Civil Procedure 6(b)(1)(B). That Rule says: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect, however, is a high bar. *See Agnew v. United Leasing Corp.,* 680 F. App'x 149, 155 (4th Cir. 2017) ("`Excusable neglect' is not easily demonstrated, nor was it intended to be."). "Run-of-the-mill inattentiveness by counsel" does not constitute excusable neglect. *See id.; see also Symbionics Inc. v. Ortlieb,* 432 Fed. App'x. 216, 220 (4th Cir. 2011). Instead, "the determination is . . . an equitable one, taking account of all

---

[1]    Although Plaintiff has alleged violations involving two hotel properties in its pleading, there is no evidence that either of the disputed offers included accommodation at the identified Residence Inn by Marriott.

relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Hatami v. Hatami,* Civ. No. WDQ-14-4004, 2015 WL 4509815 (D. Md. July 24, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Lts. P'ship,* 507 U.S. 380, 395 (1993)).

Plaintiff's Motion does not explain its need for an expert, the area of expertise of that expert, or good cause for its request.  Plaintiff's Motion does not identify any excuse for its neglect.

### B. Substantive Grounds for Denial – a two-year delay in seeking approval to identify/hire an expert is not excusable neglect.

Now, and likely the real reason for Plaintiff's Motion to Compel: Plaintiff argues as good cause for this Motion that, *even if it had* identified or obtained Board approval to identify/hire an expert, that (hypothetical) expert would have been unable to form any opinion about Schulte's liability for the illegal conduct alleged due to Schulte's unresponsive discovery.

The question of Schulte's liability for Plaintiff's two remaining claims -- whether the subject hotel room group booking offers (at the Salisbury Courtyard by Marriott) interfered with Plaintiff's protected right to contract (Section 1981) and/or whether the offers made by Schulte for public accommodation were motivated by discriminatory *animus* (Title II) – are not amenable to expert testimony on the question of liability, and only one of those claims allows for damages.

For all of these reasons, Plaintiff's Motion to Modify the Scheduling Order to extend the time for it to determine if it will make any expert disclosure should be denied.

## III.  MOTION TO AMEND SCHEDULING ORDER – ADD PARTIES.

This Motion asks the Court to modify the case Scheduling Order to revive and identify a new deadline for it to deliberate and decide whether it wants to add additional parties to this case (already pending more than two years).  The deadline to add parties was originally December 16, 2024 [ECF 25], later amended to July 7, 2025 [ECF 31].

Again, this case involves a dispute over whether hotel room group booking offers extended by Schulte and deemed unsatisfactory by Plaintiff [on February 26, 2022 (for November 2022) and December 8, 2022 (for November 2023)] were motivated by *animus* toward its imputed race and violated 42 U.S.C. §1981 and/or 42 U.S.C. §2000a (Title II). Plaintiff has had more than *two years* since the alleged wrongdoing and the filing of its complaint to determine if it there is a good faith basis to dually assert its discrimination claims against another person/entity, and it is inconceivable that it could.

Plaintiff also projects blame for its failure to discover whether there were additional parties to the alleged illegal conduct of Schulte on unresponsive discovery.  Plaintiff ignores any implications the statute of limitations and administrative exhaustion requirements may have on adding parties.

### A.  Procedural Grounds for Denial -- Applicable Law.

Again, motions to extend time filed after court deadlines have run are governed by Federal Rule of Civil Procedure 6(b)(1)(B). That Rule says: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

6

Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect, however, is a high bar. *See Agnew v. United Leasing Corp.,* 680 F. App'x 149, 155 (4th Cir. 2017) ("`Excusable neglect' is not easily demonstrated, nor was it intended to be."). "Run-of-the-mill inattentiveness by counsel" does not constitute excusable neglect. *See id.; see also Symbionics Inc. v. Ortlieb,* 432 Fed. App'x. 216, 220 (4th Cir. 2011). Instead, "the determination is . . . an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including `the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Hatami v. Hatami,* Civ. No. WDQ-14-4004, 2015 WL 4509815 (D. Md. July 24, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Lts. P'ship,* 507 U.S. 380, 395 (1993)).

Plaintiff's Motion does not explain how there could be additional parties to the very specific illegal conduct alleged in this case, offer good cause for this request, or offer any excuse for its neglect.

### B. Substantive Grounds for Denial – Plaintiff's assumption that facts were withheld is wrong.

Plaintiff asks the Court to first issue an order compelling second supplemental Answers/Responses to its Interrogatory Nos. 2, 3, and 10 and Request for Production Nos. 11, 12, 13, 15, and 17, and to then extend the deadline for it to decide if it wants to add additional parties until 30 days after Schulte complies with that order.  Schulte takes the contrary position, that its Answers and Responses, including as supplemented, are already fully responsive.

Plaintiff assumes incorrectly that one or more of the enumerated Answers/Responses it disputes should have elicited Schulte to offer the identity of the Owner of the hotels/places of public accommodation identified in this case (public information available on-line) and/or should have elicited an allegation that one of those Owners caused or participated in the illegal conduct alleged against Schulte. The fact that Schulte identified no communication with those Owners about this lawsuit or its claims is only proof that Schulte had no such communications, not proof that Schulte has withheld information from Plaintiff.

**C. Substantive Grounds for Denial – Plaintiff's failure to issue subpoenas for 8 months is not excusable neglect.**

Plaintiff says that even if the Court denies its Motion to Compel, it should still be afforded another 14 days after that denial to decide if it wants to add parties, because it only recently discovered that Schulte does not have access to documents belonging to the hotel properties it managed (identified in this case), documents Plaintiff believes are necessary to its decision to add parties. This statement is untrue.

Evidence proves that Plaintiff has known Schulte no longer manages the hotel properties since at least January 2025. *See* **EXHIBIT 1**. Evidence proves that Plaintiff has known Schulte does not have access to any documents belonging to the hotel properties since at least April 2025. *See* **EXHIBIT 2.** Evidence proves that it was based on that knowledge that Plaintiff requested a protracted period of time to add parties in the first amended scheduling order. *See* **EXHIBIT 3**. Yet, Plaintiff only issued subpoenas for the documents needed to make a decision to add parties on August 21, 2025.

8

Interestingly, on July 8, 2025, Plaintiff's excuse was entirely different.  That day, Plaintiff represented that it was preparing to add a party but had missed the deadline ""Due to a calendaring error".  *See* **EXHIBIT 4.**

For all of these reasons, Plaintiff's Motion to Modify the Scheduling Order to extend the time for it to determine if it will add additional parties should be denied.

**Conclusion**

For the reasons stated hereinabove, Defendant Schulte Hospitality Group, Inc. respectfully requests that the Court DENY each of the Motions presented via Plaintiff's Omnibus Motion filing [ECF 33], and award to it such further relief to which this Court deems it is entitled, including the costs and fees incurred by it to respond to these Motions.


August 29, 2025

*/s/ Cynthia L. Maskol*
Cynthia L. Maskol, Bar No. 25390
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
250 W. Pratt Street - Suite 2200
Baltimore, MD 21201
Tel: (410) 539-1800
Fax: (410) 962-8758
cynthia.maskol@wilsonelser.com
*Attorneys for Defendant Schulte Hospitality Group, Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August, 2025, a true and correct copy of the foregoing Response was served on all parties and attorneys of record via the Court's Electronic Case Filing system.

*/s/ Cynthia L. Maskol*
Cynthia L. Maskol, Bar No. 25390