UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

September 18, 2025

**MEMORANDUM TO PARTIES RE:** *University of Maryland Eastern Shore National Alumni Association, Inc. v. Schulte Hospitality Group, Inc.*, Civil Action No. RDB-23-2141

Dear Counsel,

The above-referenced matter is before the undersigned for resolution of all discovery disputes and related scheduling. ECF No. 34. On August 15, 2025, Plaintiff filed a Motion to Compel Discovery Responses, Request for Extension of Plaintiff's Expert Disclosure Deadline, and Request for Extension of the Deadline to Add Parties (hereinafter "Motion to Compel"). ECF No. 33. Defendant filed a Response in Opposition to the Motion to Compel on August 29. ECF No. 36. Plaintiff filed a Reply on September 8. ECF No. 39. The Court held a virtual discovery conference on September 9 in which it granted the request for an extension of Plaintiff's expert disclosure deadline. ECF Nos. 37, 40.

For the reasons explained below, the remainder of Plaintiff's Motion to Compel will be granted in part and denied in part.

**I.      Relevant Factual Background**

The parties dispute the sufficiency of Defendant's supplemental answers to Plaintiff's interrogatories and responses to document requests. Plaintiff propounded written discovery on Defendant in November 2024. ECF No. 33 at 1. Thereafter, the Court stayed discovery pending mediation. ECF No. 28. Because the case did not resolve during the settlement conference, the parties jointly requested that the Court lift the stay, which it did on May 7, 2025. ECF No. 32.

Defendant served its initial answers to Plaintiff's interrogatories on July 1 and responses to Plaintiff's document requests on July 14. ECF No. 33 at 1–2. On July 17, Plaintiff sent Defendant a letter memorandum identifying deficiencies in Defendant's written responses. ECF No. 33 at 2. Counsel for the parties held a meet and confer on July 24 to discuss the deficiencies. ECF No. 33 at 2. Defendant then served supplemental discovery responses on August 11. ECF No. 33 at 2. Plaintiff's Motion to Compel followed on August 15. ECF No. 33.

II.        **Discussion**

      A.      **Plaintiff failed to follow the Local Rules and Judge Bennett's discovery protocol when it filed the Motion to Compel.**

Plaintiff's Motion to Compel does not comply with Judge Bennett's informal discovery dispute protocol or this Court's Local Rules governing motions to compel. In Judge Bennett's Letter Order Regarding Discovery, he requires counsel to first request a conference with the Court to resolve any discovery dispute. ECF No. 26. Before the conference, Judge Bennett requires the parties to submit short statements describing their positions. ECF No. 26. Counsel is permitted to file a motion only upon the Court advising counsel that the issues require formal briefing. ECF No. 26. Plaintiff never requested a conference with the Court to resolve this discovery dispute with Defendant. Rather, Plaintiff filed the Motion to Compel after receiving Defendant's supplemental discovery responses, which Plaintiff believed were deficient despite an earlier meet and confer regarding Defendant's initial responses. Significantly, Plaintiff's eagerness to file the Motion to Compel foreclosed an opportunity for Defendant to cure the deficiencies in its supplemental responses and set the parties down a path of formal motions practice, which Judge Bennett's Letter Order Regarding Discovery is designed to prevent.

The Motion to Compel also runs afoul of this Court's Local Rules. Local Rule 104.8 sets forth the procedure for the filing of any motion to compel. It requires a party dissatisfied with discovery responses, and unable to resolve them informally, to serve on opposing counsel a motion to compel within 30 days of receiving the discovery responses. Loc. R. 104.8.a. The motion must be accompanied by a memorandum that identifies the discovery request and deficient response. Loc. R. 104.8.a. The opposing party must serve its response within 14 days of receiving the motion, and the moving party must file its reply 14 days thereafter. Loc. R. 104.8.a. Once the motion is fully briefed, the parties must confer regarding the dispute. Loc. R. 104.8.b. If the conference is unsuccessful, the moving party must file with the Court a Certificate of Conference and the fully briefed motion to compel. Loc. R. 104.8.c.

Plaintiff did not follow any of the procedures outlined above, as evidenced by Plaintiff's failure to include a Local Rule 104.7 Certificate of Conference. These errors alone justify denial of Plaintiff's Motion to Compel; however, for judicial economy, the Court will address the merits of the parties' dispute so that discovery may proceed.

      B.      **Plaintiff's request to compel discovery responses is granted in part and denied in part.**

The Court and the parties resolved several of the disputed discovery responses during the September 9 hearing. Accordingly, for the reasons stated on the record during the hearing, Plaintiff's Motion to Compel supplemental answers to Interrogatory Nos. 2, 3, and 10 is DENIED. However, with respect to Interrogatory No. 10, counsel for Defendant agreed to inquire about the existence of policies relevant to performance evaluations and is ordered to do so no later than 30 days from the date of this Letter Order.

In addition, for the reasons stated on the record during the hearing, Plaintiff's Motion to Compel supplemental responses and documents to Requests for Production Nos. 11, 12, 14, and

17 is DENIED. The only requests for production that remain are Nos. 13 and 15. The Court addresses each, in turn, below.

        **1.**      **Request for Production No. 13 is denied in part.**

In request No. 13, Plaintiff seeks the "entire employment file" of non-party Patricia Shea. ECF No. 33-3 at 10. In Defendant's supplemental response, Defendant objected to production of Ms. Shea's personnel file on the ground that the request was overly broad in time and scope and that Defendant's interest in protecting Ms. Shea's privacy interests outweighed Plaintiff's need for the discovery. ECF No. 33-3 at 11–12. During the hearing, Plaintiff explained that its interest in the personnel file centers on any complaints made against Ms. Shea either through Marriott or Defendant directly, and any actions taken by Defendant in response to such complaints.

Plaintiff does not need the entirety of Ms. Shea's personnel file to obtain documents relating to complaints against Ms. Shea. Generally, personnel files contain sensitive private information, such as the employee's personally identifiable information (date of birth, social security number, home address, etc.). A personnel file might also reveal information related to an employee's medical conditions and related requests for accommodation. Such information has no relevance to the claims or defenses in this case.

Plaintiff's claims in this lawsuit relate to Defendant's alleged racially discriminatory treatment of Plaintiff's members. Plaintiff's Second Amended Complaint alleges that there had been prior complaints against Ms. Shea relating to "demeaning or derogatory treatment toward Black people" and complaints from Ms. Shea's fellow employees regarding Ms. Shea's "racial insensitivity." ECF No. 16 ¶¶ 12, 21. An appropriately tailored request that is proportional to the needs of this case is one that seeks only "documents relating to any complaints against Ms. Shea relating to racially discriminatory conduct." Defendant is ordered to provide a supplemental response to this modified request no later than 30 days from the date of this Letter Order.

        **2.**      **Request for Production No. 15 is denied.**

In request No. 15, Plaintiff seeks "[d]ocuments sufficient to demonstrate any civil action against [Defendant] relating in any way to discrimination within the past ten (10) years." ECF No. 33-3 at 13. Defendant objected on the ground that the request seeks information unrelated to the facts of Plaintiff's case and for a time period that extends beyond the discriminatory period alleged in this case. ECF No. 33-3 at 13. Here, too, Plaintiff's request is disproportionate to the needs of the case and not relevant to Plaintiff's claims.

A request for documents demonstrating civil lawsuits against Defendant that relate in any way to discrimination is incredibly overbroad and would not lead to admissible evidence. Plaintiff's request would encompass lawsuits involving unrelated types of discrimination, such as disability discrimination, age discrimination, or sex discrimination—none of which have been alleged here. Rather, Plaintiff's lawsuit raises two claims against Defendant for discriminatory contracting on the basis of race, in violation of 42 U.S.C. § 1981 (Count 1), and for a pattern and practice of refusing to provide equal service to Black members of Plaintiff's organization, in violation of 42 U.S.C. § 2000a (Count 2). ECF No. 16 ¶¶ 23–28. The factual underpinning of Plaintiff's claims is that Ms. Shea, motivated by racial animus toward Plaintiff's members,

limited the size of available room blocks, increased prices, and otherwise made it difficult for Plaintiff's members to stay at Defendant's Marriott properties in Salisbury. *See generally* ECF No. 16. During the hearing, Plaintiff argued that the request could yield discovery of lawsuits with findings against Defendant related to racially discriminatory conduct or retaliation and that such lawsuits, even in other jurisdictions and involving other plaintiffs, may shed light on Defendant's alleged discriminatory conduct here. But even if such lawsuits exist, they are not direct or circumstantial evidence of racial discrimination against Plaintiff's members—alumni of the University of Maryland Eastern Shore, a historically Black university. Accordingly, Plaintiff's Motion to Compel with respect to Request for Production No. 15 is DENIED.

### C.     Plaintiff's request to extend the deadline to join parties is denied.

Plaintiff's request for an extension of the deadline to join parties would, in effect, allow Plaintiff to amend its complaint a third time to add a defendant, the identity of which Plaintiff has known for several months. The deadline to join parties was July 7. ECF No. 32 at 2. In a July 8 email, Plaintiff's counsel acknowledged that the deadline to join parties had elapsed and that Plaintiff intended to file a motion for leave to amend the complaint to add as a new defendant the owner of the hotel at issue. ECF No. 36-4. In its Motion to Compel, Plaintiff contends that it needs even more time to add the hotel owner because Defendant's deficient discovery responses precluded Plaintiff from discovering the hotel owner's role in this case. ECF No. 33 at 27. Plaintiff's counsel's July 8 email contradicts Plaintiff's representation in the Motion to Compel, and there is no good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure to justify a modification of the schedule. Moreover, should discovery reveal new information that Plaintiff believes warrants amendment of the complaint, Plaintiff must move for leave of Court to do so, in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff's request for an extension of the deadline to join additional parties is, therefore, DENIED.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

*/s/*

Chelsea J. Crawford
United States Magistrate Judge