UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**CHELSEA J. CRAWFORD**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>MDD_CJCChambers@mdd.uscourts.gov<br>**(410) 962-4560** |

November 21, 2025

**MEMORANDUM TO PARTIES RE:**   *University of Maryland Eastern Shore National Alumni Association, Inc. v. Schulte Hospitality Group, Inc.*, Civil Action No. RDB-23-2141

Dear Counsel,

The parties seek the Court's assistance regarding active discovery disputes. In a joint letter filed on November 7, the parties advised that there are two such disputes: (1) a disagreement regarding Plaintiff's response to Defendant Schulte Hospitality Group's ("Schulte") Request for Production No. 16, and Plaintiff's alleged failure to meet and confer regarding this specific request; and (2) Schulte's request that a third-party fact witness be held in civil contempt for failing to attend her scheduled deposition. ECF No. 61.

Plaintiff and Schulte filed their respective position statements on November 10. ECF Nos. 62, 64–65. For the reasons explained below, Schulte's request for an order compelling Plaintiff to supplement its response to Request for Production No. 16 is DENIED, and Schulte's request to hold the third-party witness in civil contempt, or to otherwise sanction Plaintiff for the witness's non-appearance, is DENIED.

**I.  Plaintiff's alleged failure to meet and confer or respond to Schulte's Request for Production No. 16**

Schulte asks this Court to compel Plaintiff to produce all documents responsive to Schulte's Request for Production No. 16, which seeks documents regarding room blocks, room rates, and room discounts available to Plaintiff's members during the University of Maryland Eastern Shore's 2023 Homecoming. ECF No. 61. Schulte contends that Plaintiff failed to adequately respond to Request for Production No. 16 when it produced allegedly non-responsive documents. ECF Nos. 61, 64. Schulte further argues that Plaintiff ignored Schulte's email in which Schulte asked Plaintiff to meet and confer regarding this dispute. ECF Nos. 61, 64.

As a threshold matter, I find that Schulte's lone email to Plaintiff requesting a meet and confer does not satisfy this Court's meet-and-confer requirement. Schulte sent one email to Plaintiff on October 31 that asked Plaintiff to produce a supplemental response to Request for Production No. 16 by November 4. ECF No. 61-4. The first sentence of the email stated: "Please accept the following as an attempt to meet and confer, pursuant [to] Federal Rule 16 and Local

Rule 104.7." ECF No. 61-4. Plaintiff did not respond to this email and, instead, produced a supplemental document production on November 10. ECF No. 62.

Schulte's email does not invite or request Plaintiff's counsel to engage in a conference to discuss the discovery dispute. Indeed, as worded, Schulte suggests that the email itself was Schulte's attempt to meet and confer. This Court's discovery rules make clear that the parties must meaningfully engage in the meet-and-confer process before seeking court intervention. *See* Loc. R. 104.7 (requiring counsel to make a reasonable effort to resolve discovery disputes and explaining how such effort "means more than sending an email or letter to the opposing party. It requires that the parties meet in person or by video or telephonic means. . ."); Loc. R. App'x A, Guideline 1.f ("Whenever possible, attorneys are expected to communicate with each other in good faith throughout the discovery process to resolve disputes without the need for intervention by the Court, and should do so promptly after becoming aware of the grounds for the dispute."); *see also* ECF No. 59 at 1 (stating that the parties should first engage in a good faith effort to resolve any disputes among themselves).

This Court has also explained that a perfunctory email is not enough to satisfy the meet-and-confer requirement. *See, e.g.*, *Singleton v. Mazhari*, Civil Action No. GLR-22-2554, 2025 WL 2736530, at *9 (D. Md. Sep. 25, 2025) (Austin, J.) ("[W]hile more than an email or two will often be required, the Court may find the Local Rules satisfied by a *fulsome email exchange* that did not resolve the dispute.… [T]he parties exchanged several emails … to no avail. More to the point, Plaintiff's counsel thrice rejected [non-party] TEDCO's request to meet and confer regarding a protective order.") (emphasis added); *Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (Grimm, J.) (noting that defense counsel's one email to opposing counsel was not a good faith effort to resolve the matter without court intervention); *accord Madison v. Harford Cnty., Md.*, 268 F.R.D. 563, 564 (D. Md. 2010) (Grimm, J.) (noting that the plaintiff's non-descript "attempt[] to contact" defense counsel regarding the discovery dispute was "a far cry from conferring in good faith").

In addition to failing to satisfy the requirement that the parties meet and confer, Schulte fails to articulate why Plaintiff's supplemental document production on November 10 "remains materially incomplete." ECF No. 64. Accordingly, Schulte's request for an order compelling Plaintiff to supplement its response to Request for Production No. 16 is denied without prejudice. Schulte is directed to orally meet and confer with Plaintiff regarding this dispute in an attempt to resolve it with Plaintiff without Court intervention. In the event that the parties are unable to resolve this dispute on their own, Schulte must articulate with specificity why Plaintiff's supplemental document production is inadequate.

## II. Schulte's request to hold third-party fact witness in civil contempt

Schulte asks the undersigned to initiate civil contempt proceedings pursuant to 28 U.S.C. § 636(e)(6)(B) against third-party witness Ms. Wheatley. ECF No. 61. Schulte further requests that I recommend to Judge Bennett that he issue an order precluding Ms. Wheatley's testimony, or in the alternative, that I issue a show cause order against Ms. Wheatley and assess related costs against her for her failure to appear. Schulte's request fails for several reasons.

First, the conduct that Schulte complains of here does not warrant the drastic step of civil contempt proceedings pursuant to 28 U.S.C. § 636(e)(6)(B). "Civil contempt is used to address continuing disobedience and to coerce obedience." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, Civil Action No. MJG-06-2662, 2017 WL 3492166, at *3 (D. Md. Aug. 15, 2017) (citing *United States v. Darwin Constr. Co.*, 873 F.2d 750, 753-54 (4th Cir. 1989)). Ms. Wheatley's non-appearance due to her child's illness does not establish a pattern of evasion or noncompliance with Schulte's subpoena. Schulte subpoenaed Ms. Wheatley for a remote deposition to be held on October 31, 2025 at 10:00 a.m. ECF No. 61-5 at 4. By 10:15 that morning, Ms. Wheatley did not appear. ECF No. 61-6 at 2. At 11:20 a.m. that day, Ms. Wheatley emailed counsel for Schulte to apologize for her absence and to explain that her child unexpectedly became ill. ECF No. 61-7 at 1. Schulte makes no argument that Ms. Wheatley has refused to communicate with counsel for Schulte, or that she has refused to reschedule her deposition or accept service of a new deposition subpoena. Absent a pattern of such conduct, Schulte's request that I initiate civil contempt proceedings is unjustified.

Rule 45 of the Federal Rules of Civil Procedure also fails to provide a basis to hold Ms. Wheatley in civil contempt. Under Rule 45(g), a court may hold a person in contempt for failing to comply with a properly issued subpoena if they lack an "adequate excuse." A parent's urgent and unplanned need to care for a sick child certainly qualifies as an adequate excuse. As explained above, nothing suggests that Ms. Wheatley is attempting to evade a deposition in this case. She attempted to sign on to the deposition at 10:38 a.m. and emailed counsel for Schulte shortly thereafter. *See* ECF No. 61-7. Even if I were to conclude that Ms. Wheatley lacked an adequate excuse (which I do not), due process requires that Ms. Wheatley be given an opportunity to be heard as to why she did not comply with the subpoena before any finding of contempt. *See Dunkin' Donuts, Inc. v. Three Rivers Ent. & Travel*, 42 Fed. App'x. 573, 575 (4th Cir. 2002).

Finally, no authority identified in Schulte's letter provides a basis for the Court to preclude Ms. Wheatley's testimony as a sanction against Plaintiff, and there are no factual grounds to support the request. If Schulte remains interested in obtaining Ms. Wheatley's testimony, it should reschedule her deposition and serve a deposition subpoena upon Ms. Wheatley. If Ms. Wheatley fails to appear again and lacks an adequate excuse, an order requiring her appearance at a set date and time may be an appropriate next step. At this juncture, however, I decline to grant Schulte any of its requested relief, including its request that I assess costs and fees against Ms. Wheatley for her non-appearance.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

/s/

Chelsea J. Crawford
United States Magistrate Judge